# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

KENDRIA WEST,          )
                                  )

      **Plaintiff,**         )

                                  )       **No. 3:17-cv-01430**

**v.**                             )       **Judge Trauger**

                                  )       **Magistrate Judge Brown**

                                  )

**UNITED STATES OF AMERICA,**  )

                                  )

      **Defendant.**      )

To: The Honorable Aleta A. Trauger, United States District Judge

## REPORT AND RECOMMENDATION

Pending before the Court is Defendant's motion to dismiss (Docket Entry No. 13). For the reasons stated below, the Magistrate Judge **RECOMMENDS** that this motion be **GRANTED** and that this action be **DISMISSED WITH PREJUDICE.**

## I.  INTRODUCTION AND BACKGROUND

Plaintiff, Kendria West, proceeding *pro se*, filed this action under the Federal Tort Claims Act, ("FTCA"), 28 U.S.C. § 1346(b)(1), against the United States and the United States Department of Veterans Affairs ("VA") for negligence and intentional infliction of emotional distress. On November 15, 2017, the Court granted leave to Plaintiff to file the complaint *in forma pauperis*, pursuant to 28 U.S.C. 1915(a), and the action was referred to the Magistrate Judge for entering a scheduling order for the management of the case and for disposition of pre-trial, non-dispositive motions and for a report and recommendation on all dispositive motions. (Docket Entry No. 4).

Plaintiff alleges that starting on or about May 20, 2015, VA medical doctors failed to properly diagnose Plaintiff as having Trichorrhexis nodosa[1] and therefore were negligent and breached their fiduciary duty by failing to provide "competent health analysis and actual healthcare." (Docket Entry No. 1, at 4-5, 20).[2] Plaintiff alleges that the doctors refused to test her for Trichorrhexis Nodosa. *Id.* at 4-5, 15. In essence, Plaintiff alleges that Defendant's medical doctors violated the applicable standards of professional care, which caused Plaintiff to experience stress, anguish, and physical and psychological suffering. *Id*. at 6. Plaintiff alleges that the doctors' negligent practices caused her to suffer from emotional abuse and distress. *Id.*

Plaintiff alleges that she is an "expert" in this medical action because she was a Hospital Corpsman in the United States Navy from 1986 to 1990 and through her education and work experiences she understands "the day to day operations of healthcare." *Id.* at 7-8. Plaintiff also alleges that she continues to update her knowledge through "independent study." *Id.* at 8. Throughout her complaint, Plaintiff alleges that various doctors at VA facilities in Nashville and Murfreesboro, repeatedly failed or intentionally refused to adequately diagnose and treat her various medical conditions, including a gluten issue and thyroid and progesterone issues. *Id.* at 29-32. Plaintiff alleges that Dr. Arzubiaga and Dr. Livingood improperly relied on past medical tests performed in 2009 without doing updated medical tests. *Id.* at 4, 26-27. In support, Plaintiff attaches to her complaint various documents, consisting of research, administrative and medical

---

[1]Trichorrhexis nodosa is a "hair condition in which the shafts appear to have nodes but actually have splitting of the cortex into strands; it usually affects the proximal part of the shaft, so that hairs grow a few centimeters and break off." *Dorland's Illustrated Medical Dictionary* 1964 (32nd ed. 2012).

[2]Citations are to the Court's ecf pagination.

2

records, and various internet dermatology definition searches. *Id.* at 40-138. Plaintiff filed an administrative claim with the VA on or about June 8, 2015. (Docket Entry No. 14-1). On May 25, 2017, after consideration and re-consideration, the VA denied Plaintiff's administrative claim. (Docket Entry No. 1, at 48, 57).

Before the Court is Defendant's motion to dismiss (Docket Entry No. 13) under 12(b)(1) and (12(b)(6), contending that Plaintiff's failure to file a certificate of good faith for medical malpractice claims, as required by Tenn. Code Ann. § 29-26-122, bars this action. In response, Plaintiff asserts that a certificate of good faith is not necessary because "extraordinary cause" applies. (Docket Entry No. 18, at 1). Plaintiff asserts that exhausting her administrative remedies before filing suit demonstrated "good faith efforts," and that she was not informed that under Tennessee law she needed to provide a certificate of good faith. *Id*. at 1-2. Plaintiff also asserts that she is an "expert" because she previously worked different jobs in a "medical facility/environment," and because she "ran tests outlined by the American Hair Loss Association and the answer was there just like workup protocol said it would be." *Id.* at 3. Lastly, Plaintiff contends that her financial status alone demonstrates extraordinary cause to excuse a certificate of good faith. *Id.* at 5-6. Defendant filed a reply (Docket Entry No. 19), addressing Plaintiff's first two assertions.

As to her last assertion, the Magistrate Judge noted that Plaintiff, although not well-worded, apparently asserts that to require a doctor's certificate from an individual, proceeding *in forma pauperis* and who alleges that she is at least 60% below the poverty level, denies her due process and equal protection under the law. (Docket Entry No. 20, at 1). The Magistrate Judge noted that this assertion may raise an issue as to whether the THCLA is unconstitutional insofar as it requires a certificate of good faith, which a pauper cannot afford. *Id.* The Magistrate Judge ordered

3

Defendant to file a supplement their reply, addressing this aspect of Plaintiff's argument and ordered notice to be sent to the Tennessee Attorney General, so that the Tennessee Attorney General may have an opportunity to be heard if so desired. *Id.* at 2. Defendant filed a supplemental reply (Docket Entry No. 21), and the State has filed a response (Docket Entry No. 22), addressing the constitutionality issue.

## II. ANALYSIS

A Fed. R. Civ. P. 12(b)(1) motion to dismiss a claim for lack of subject matter jurisdiction may consist of either a "facial attack" or a "factual attack." *O'Bryan v. Holy See*, 556 F.3d 361, 375 (6th Cir. 2009).

> "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." And, "[w]hen reviewing a facial attack, a district court takes the allegations in the complaint as true.... If those allegations establish federal claims, jurisdiction exists." However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."

*Id.* at 375-76 (citations omitted). "A factual attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994) (emphasis omitted). On a factual attack, "no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (citation omitted). The plaintiff bears the burden of proof that jurisdiction exists under a 12(b)(1) factual attack. *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). Because Defendant's 12(b)(1) motion is asserting a facial attack rather than a factual attack, "the applicable standard is the same one applied in a Rule 12(b)(6) context." *Tennessee Protection and Advocacy, Inc. v. Bd. of Educ. of Putnam County, Tenn.*, 24 F. Supp.2d 808, 813 (M.D. Tenn. 1998).

4

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Jackson v. Ford Motor Co.*, 842 F.3d 902, 906 (6th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A claim to relief is plausible if the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 556 (2007)). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 556-57) (brackets and internal quotation marks omitted).

A court must construe the complaint "'in the light most favorable to the plaintiff, accept all its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" *Mills v. Barnard*, 869 F.3d 473, 479 (6th Cir. 2017) (citation omitted). However, courts "need not accept as true legal conclusions or unwarranted factual inferences, and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *D'Ambrosio v. Marino*, 747 F.3d 378, 383 (6th Cir. 2014) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* at 679 (citation omitted). While *pro se* complaints are liberally construed and are held "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), *pro se* complaints "must still contain 'enough facts to state a claim to relief that is plausible on its

5

face.'" *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 570).

"A motion under Rule 12(b)(6) is directed solely to a complaint itself . . . ." *Sims v. Mercy Hosp.*, 451 F.2d 171, 173 (6th Cir. 1971). Yet, in evaluating a plaintiff's complaint, under Fed. R. Civ. P. 10(c), any matters attached to the pleadings are considered part of the pleadings as are documents that a defendant attaches to a motion to dismiss that are referred to in the complaint and "central" to the claim. *Fagan v. Luttrell*, 225 F.3d 658, No. 97-6333, 2000 WL 876775, at *2 (6th Cir. June 22, 2000) (citing *Weiner v. Klais and Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997)); *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011) ("[A] court may consider 'exhibits attached [to the complaint], public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein,' without converting the motion to one for summary judgment.") (quoting *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)).

Under the FTCA, an injured person can file an action against the United States for the negligent acts or omissions of a government employee acting within the scope of his or her official duties. 28 U.S.C. §§ 2674 and 2679(b)(1). *See also Ward v. United States*, 838 F.2d 182, 184 (6th Cir. 1988); *Henson v. NASA*, 14 F.3d 1143, 1147 (6th Cir. 1994). The FTCA provides that:

> civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

6

28 U.S.C. § 1346(b)(1). The FTCA also provides that the United States "shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Because the FTCA "is a limited waiver of immunity[,] [t]he extent of that waiver (i.e. the United States' amenability to suit and substantive tort liability) is determined by analogizing the United States to a private actor in a similar situation under the appropriate state law." *Young v. United States*, 71 F.3d 1238, 1244 (6th Cir. 1995); *Myers v. United States*, 17 F.3d 890, 899 (6th Cir. 1994) ("[T]he FTCA does not *create* liability, it merely waives sovereign immunity to the extent that state-law would impose liability on a 'private individual in similar circumstances.'" (quoting 28 U.S.C. § 2674) (emphasis in original)).

The FTCA applies the substantive state law where the alleged tort occurred. *Ward*, 838 F.2d at 184. Here, the parties do not dispute that Tennessee substantive law governs Plaintiff's claims. The Tennessee Healthcare Liability Act ("THCLA") defines "health care liability action" as "any civil action, including claims against the state or a political subdivision thereof, alleging that a health care provider or providers have caused an injury related to the provision of, or failure to provide, health care services[3] to a person, regardless of the theory of liability on which the action is based." Tenn. Code Ann. 29-26-101(a)(1). Further, "[a]ny such civil action or claim is subject to this part regardless of any other claims, causes of action, or theories of liability alleged in the complaint[.]" *Id.*, 29-26-101(c). Analyzing section 29-26-101, the Tennessee Supreme Court has held that

---

[3]"Health care services to persons includes care by health care providers, which includes care by physicians, nurses, licensed practical nurses, pharmacists, pharmacy interns or pharmacy technicians under the supervision of a pharmacist, orderlies, certified nursing assistants, advance practice nurses, physician assistants, nursing technicians and other agents, employees and representatives of the provider, and also includes staffing, custodial or basic care, positioning, hydration and similar patient services." Tenn. Code Ann. § 29-26-101(b).

7

"section 29-26-101 establishes a clear legislative intent that *all* civil actions alleging that a covered health care provider or providers have caused an injury related to the provision of, or failure to provide health care services be subject to the pre-suit notice and certificate of good faith requirements, regardless of any other claims, causes of action, or theories of liability alleged in the complaint." *Ellithorpe v. Weismark*, 479 S.W.3d 818, 827 (Tenn. 2015) (emphasis in original).

To recover under the THCLA, a plaintiff has the burden of proving by expert medical testimony the following:

> (1) The recognized standard of acceptable professional practice in the profession and the specialty thereof, if any, that the defendant practices in the community in which the defendant practices or in a similar community at the time the alleged injury or wrongful action occurred;
>
> (2) That the defendant acted with less than or failed to act with ordinary and reasonable care in accordance with such standard; and
>
> (3) As a proximate result of the defendant's negligent act or omission, the plaintiff suffered injuries which would not otherwise have occurred.

*Id*., § 29-26-115(a)(1)-(3).

As to a medical expert's competency to testify, §29-26-115 provides:

> (b) No person in a health care profession requiring licensure under the laws of this state shall be competent to testify in any court of law to establish the facts required to be established by subsection (a), unless the person was licensed to practice in the state or a contiguous bordering state a profession or specialty which would make the person's expert testimony relevant to the issues in the case and had practiced this profession or specialty in one (1) of these states during the year preceding the date that the alleged injury or wrongful act occurred. . . .

*Id.*, § 29-26-115(b).

Additionally, in any health care liability action where expert testimony is required, a plaintiff is required to file a certificate of good faith with the complaint. Section 29-26-122 provides, in relevant part, as follows:

(a) In any health care liability action in which expert testimony is required by § 29-26-115, the plaintiff or plaintiff's counsel shall file a certificate of good faith with the complaint. If the certificate is not filed with the complaint, the complaint shall be dismissed, as provided in subsection (c), absent a showing that the failure was due to the failure of the provider to timely provide copies of the claimant's records requested as provided in § 29-26-121 or demonstrated extraordinary cause. The certificate of good faith shall state that:

(1) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

> (A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and

> (B) Believe, based on the information available from the medical records concerning the care and treatment of the plaintiff for the incident or incidents at issue, that there is a good faith basis to maintain the action consistent with the requirements of § 29-26-115; or

(2) The plaintiff or plaintiff's counsel has consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

> (A) Are competent under § 29-26-115 to express an opinion or opinions in the case; and

> (B) Believe, based on the information available from the medical records reviewed concerning the care and treatment of the plaintiff for the incident or incidents at issue and, as appropriate, information from the plaintiff or others with knowledge of the incident or incidents at issue, that there are facts material to the resolution of the case that cannot be reasonably ascertained from the medical records or information reasonably available to the plaintiff or plaintiff's counsel; and that, despite the absence of this information, there is a good faith basis for maintaining the action as to each defendant consistent with the requirements of § 29-26-115. Refusal of the defendant to release the medical records in a timely fashion or where it is impossible for the plaintiff to obtain the medical records shall waive the requirement that the expert review the medical record prior to expert certification.

. . . .

9

(c) The failure of a plaintiff to file a certificate of good faith in compliance with this section shall, upon motion, make the action subject to dismissal with prejudice.

*Id.*, 29-26-122(a), (c).

Because Plaintiff alleges injuries caused by health care providers failing to diagnose, test, and treat her conditions, and that her injuries were "related to the provision of, or failure to provide, health care services," her complaint "is subject to the THCLA 'regardless of any other claims, causes of action, or other theories of liability alleged in the complaint.'" *Ellithorpe*, 479 S.W.3d at 828 (quoting Tenn. Code Ann. § 29–26–101(c)); *Osunde v. Delta Med. Ctr.*, 505 S.W.3d 875, 884-85 (Tenn. Ct. App. 2016) ("Given the breadth of the statute, it should not be surprising if most claims now arising within a medical setting constitute health care liability actions."). Thus, Plaintiff is required to prove her allegations with expert testimony. *Ellithorpe*, 479 S.W.3d at 829.

Although Plaintiff refers to herself as an "expert" in her complaint, Plaintiff is not a licensed or certified medical professional and her statements in her complaint do not satisfy the competency requirements under § 29-26-115(b). Plaintiff's assertion that exhausting her administrative remedies before filing suit and that she was not informed that under Tennessee law she needed to provide a certificate of good faith constitute extraordinary cause for an exception to the THCLA's certificate of good faith requirement is without merit. Exhausting of administrative remedies under the FTCA has no relation to the requirements under the THCLA, and there is no requirement that anyone inform Plaintiff regarding the THCLA's requirements before filing suit.

As to Plaintiff's assertion of *in forma pauperis* status as providing extraordinary cause, the certificate of good faith requirement does not violate Plaintiff's due process or equal protection rights. "The Equal Protection Clause prevents states from making distinctions that (1) burden a fundamental right; (2) target a suspect class; or (3) intentionally treat one individual differently from

10

others similarly situated without any rational basis." *Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010). "Tennessee courts have consistently held that the due process and equal protection guarantees of the U.S. and the Tennessee Constitutions are co-extensive." *Calaway v. Schucker*, No. 02-2715-STA, 2008 WL 2402719, at *7 (W.D. Tenn. June 11, 2008); *Lynch v. City of Jellico*, 205 S.W.3d 384, 395 (Tenn. 2006); *Willis v. Tennessee Dep't of Correction*, 113 S.W.3d 706, 711 n.4 (Tenn. 2003). The Sixth Circuit has held that "wealth-based classifications do not discriminate against a suspect class." *Johnson*, 624 F.3d at 746; *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997) ("neither prisoners nor indigents are a suspect class"). Here, Plaintiff's medical malpractice claim is a tort claim. A "plaintiff does not have any fundamental right to recover on a tort claim." *Wall v. Cherrydale Farms, Inc.*, 9 F. Supp. 2d 784, 788 (E.D. Mich. 1998); *In re Consol. U.S. Atmospheric Testing Litig.*, 820 F.2d 982, 988 (9th Cir. 1987) ("'a plaintiff has no vested right in any tort claim for damages under state law.'" (quoting *Ducharme v. Merrill-National Laboratories*, 574 F.2d 1307, 1309 (5th Cir.), *cert. denied*, 439 U.S. 1002 (1978))); *Clifford v. Louisiana*, 347 F. App'x 21, 23 (5th Cir. 2009) (The "right to recover for medical malpractice does not fall within the fundamental interests recognized by the Supreme Court.").

In *Jackson v. HCA Health Servs. of Tennessee, Inc.*, 383 S.W.3d 497 (Tenn. Ct. App. 2012), the plaintiff challenged the dismissal of his medical malpractice action due to the plaintiff's failure to provide a certificate of good faith as required under § 29-26-122(a), arguing that the statute violated the due process and equal protection guarantees of the constitution of Tennessee by treating plaintiffs in suits for medical negligence differently from plaintiffs in other civil litigation and by allegedly restricting access to the courts. *Id.* at 498-99. Applying the reasonable basis standard of review, the Tennessee Court of Appeals stated that it could not say that there is "no reasonable basis

11

for the distinction in filing good faith certificates in medical malpractice actions and not in civil actions for personal injuries caused by other means, which are not under the purview of medical malpractice, or that it has no natural relation to the legislative objective." *Id*. at 505. In analyzing the legislative intent, the court explained:

> [T]he legislature perceived a threat in 2009, not only to the medical profession and its insurers, but to the general welfare of the citizens of this state because, believing that as liability costs increase, so does the cost of health care and the practice of "defensive medicine," spawned by the fear of costly legal actions, may lead to a lower quality of health care in general. Whether these considerations are or are not valid is not for this court to determine. What is relevant and controlling is that they were accepted by the legislature and formed the predicate for its action.

*Id.* (citation omitted).

This civil action involves the tort claim of medical malpractice. Plaintiff is not a criminal defendant or at risk of imprisonment. The THCLA is not criminal or quasi-criminal in nature. The statute does not implicate a fundamental right and indigent plaintiffs are not a suspect class. Nor does Plaintiff show that § imposes a restriction to her access to courts. The Sixth Circuit has stated:

> Although a right-of-access case can be established when a person can prove that a state's judicial process does not provide an adequate procedure to remedy an alleged wrong . . . , such claims are generally recognized for civil litigants only in the context of spoliation of evidence or interference with filing a lawsuit. A cognizable claim can be made out "only by showing that the defendants' actions foreclosed [a potential litigant] from filing suit in state court or rendered ineffective any state court remedy [the litigant] previously may have had." The argument that a state statute stiffens the standard of proof of a common law claim does not implicate this right.

*Garcia v. Wyeth-Ayerst Labs.*, 385 F.3d 961, 967-68 (6th Cir. 2004) (citations omitted). Thus, Plaintiff fails to show that her *in forma pauperis* status constitutes extraordinary cause in excusing her from complying with the certificate of good faith requirement.

Here, Plaintiff failed to file a certificate of good faith as required by Tenn Code. Ann. §29-26-122. Therefore, based upon this omission, the Magistrate Judge concludes that Plaintiff's

12

medical malpractice claims must be dismissed with prejudice. *Ellithorpe*, 479 S.W.3d at 829 (finding that because plaintiffs' claims fell under the THCLA and expert testimony was therefore required to prove the allegations, the Court concluded that the plaintiffs "were required to provide a certificate of good faith under Tennessee Code Annotated section 29-26-122, and their failure to comply with this statutory requirement warrant[ed] dismissal *with* prejudice.") (emphasis in original); *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 304 (Tenn. 2012) ("We hold that the statutory requirements that a plaintiff give sixty days pre-suit notice and file a certificate of good faith with the complaint are mandatory requirements and not subject to substantial compliance. The plaintiff's failure to comply with Tennessee Code Annotated section 29-26-122 by filing a certificate of good faith with his complaint requires a dismissal with prejudice."); *Brooks v. U.S. VA Admin.*, No. 3:14-CV-00159, 2015 WL 1311742, at *4 (M.D. Tenn. Mar. 24, 2015).

### III. RECOMMENDATION

Accordingly, for these reasons, the Magistrate Judge **RECOMMENDS** that Defendant's motion to dismiss (Docket Entry No. 13) be **GRANTED** and that this action be **DISMISSED WITH PREJUDICE.**

The parties have fourteen (14) days after being served with a copy of this Report and Recommendation ("R&R") to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985).

**ENTERED** this 29th day of August, 2018.

13

_/s/_    Joe  B.  Brown

JOE B. BROWN
United States Magistrate Judge