UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| KENDRIA Y. WEST, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:17-cv-01430 |
| | ) | Judge Aleta A. Trauger |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**MEMORANDUM and ORDER**

Before the court is *pro se* plaintiff Kendria West's "Appeal to Dismissal" (Doc. No. 24), which the court construes as objections to the magistrate judge's Report and Recommendation ("R&R") (Doc. No. 23), recommending that the defendant's Motion to Dismiss (Doc. No. 13) be granted and that this action be dismissed with prejudice. For the reasons set forth herein, the court will overrule the objections and dismiss this case.

**I.   Standard of Review**

Upon designation by the district court, a magistrate judge may conduct hearings and submit proposed findings of fact and recommendations for disposition of a variety of pretrial motions, including motions to dismiss in civil cases. 28 U.S.C. § 636(b)(1)(B). After being served with a copy of a magistrate judge's recommended disposition, a party has fourteen days within which to file objections with the district court. 28 U.S.C. § 636(b)(1)(C). Once timely objections are filed, the district court judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 515 (6th Cir. 2001) (quoting 28 U.S.C. § 626(b)(1)(C)). Upon review, the district judge "may accept, reject, or modify the recommended

disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

"An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004). Likewise, the court may decline to review objections that are not sufficiently specific "to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) (citing *Miller*, 50 F.3d at 380). *See also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been *properly* objected to." (emphasis added)); L.R. 72.02(a) (any objections "must state with particularity the specific portions of the Magistrate Judge's report or proposed findings or recommendations to which an objection is made"). In addition, "issues raised for the first time in objections to [a] . . . report and recommendation are deemed waived." *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998).

## II.    Timeliness of Objections

Objections must be served "within 14 days" after a party is served with a copy of a report and recommendation. Fed. R. Civ. P. 72(b)(2). The R&R was filed on Wednesday, August 29, 2018 and mailed to the plaintiff on that day. The plaintiff's objections were received by the court and filed 20 days later, on Tuesday, September 18, 2018.

Under Rule 6(d) of the Federal Rules of Civil Procedure, "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . ,

3 days are added after the period would otherwise expire." Applying that rule to this case would mean adding three days following September 12, 2018, the date on which the 14-day period would have otherwise expired. The third day following September 12 fell on a Saturday, thus extending the time for filing, pursuant to Rule 6(a)(1)(C), to Monday, September 17, 2018.

The plaintiff states that she placed her objections in the mail on September 17, but they were not received by the court and filed until September 18, 2018, making them one day late. However, the plaintiff also states that she did not actually receive the R&R until September 4, 2018, as a result of which she believed that her objections, placed in the mail within 14 days of that date, to be timely. According some leeway to the plaintiff in light of her *pro se* status, the court will deem the objections to be timely.

**III.    The Plaintiff's Objections**

The plaintiff seeks to bring tort claims based on medical malpractice against the United States and the United States Department of Veterans Administration under the Federal Tort Claims Act ("FTCA"). In the thorough and thoughtful R&R, the magistrate judge correctly held that the FTCA provides that the United States "shall be liable . . . in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Because the FTCA "is a limited waiver of immunity[,] [t]he extent of that waiver (i.e. the United States' amenability to suit and substantive tort liability) is determined by analogizing the United States to a private actor in a similar situation under the appropriate state law." *Young v. United States*, 71 F.3d 1238, 1244 (6th Cir. 1995); *see also Myers v. United States*, 17 F.3d 890, 899 (6th Cir. 1994) ("[T]he FTCA does not *create* liability, it merely waives sovereign immunity to the extent that state-law would impose liability on a 'private individual in similar circumstances.'" (quoting 28 U.S.C. § 2674) (emphasis in original)). (*See* R&R, Doc. No. 23, at 7.)

The parties do not dispute that Tennessee substantive law governs the plaintiff's claims. To bring a "health care liability action" under the Tennessee Health Care Liability Act ("THCLA"), a plaintiff is required, among other things, to file a certificate of good faith with the complaint. Tenn. Code Ann. § 29-26-122(a), (c). The plaintiff here did not file a certificate of good faith with her complaint. In response to the defendant's Motion to Dismiss based on that failure, the plaintiff raised various arguments as to why the requirement should not apply to her. The magistrate judge rejected those arguments and recommended dismissal of this case with prejudice. (Doc. No. 23, at 13 (citing *Ellithorpe v. Weismark*, 479 S.W.3d 818, 829 (Tenn. 2015) (finding that because plaintiffs' claims fell under the THCLA, the plaintiffs "were required to provide a certificate of good faith under Tennessee Code Annotated section 29-26-122, and their failure to comply with this statutory requirement warrant[ed] dismissal *with* prejudice.") (emphasis in original); *Myers v. AMISUB (SFH), Inc.*, 382 S.W.3d 300, 304 (Tenn. 2012) ("We hold that the statutory requirements that a plaintiff . . . file a certificate of good faith with the complaint [is a] mandatory requirement[] and not subject to substantial compliance. The plaintiff's failure to comply with Tennessee Code Annotated section 29-26-122 by filing a certificate of good faith with his complaint requires a dismissal with prejudice.")).).

In her objections, the plaintiff states only that she appeals the recommendation of dismissal "because the actual merits and right of [her] cases were not acknowledged." (Doc. No. 24, at 1.) To redress this perceived oversight, she states: "I will AGAIN state my claim and describe my rights violation because the details seem to have been missed or ignored!" (*Id.*) She then proceeds to restate, *verbatim*, the arguments articulated in her Response to Motion to Dismiss (Doc. No. 18), with only two small additions. First, the plaintiff added to her objections two sentences that appear in the context of her argument that she had used Rule 703 of the

Federal Rules of Evidence as a "checklist" to confirm that she could function as an expert in her own case. She insists that Rule 703 "DOES NOT state that I have to be a current practitioner JUST THAT I possess the knowledge through training, which I do! It is a FACT that is contained in my military records which the defendant obviously has access to." (Doc. No. 24, at 4.). (Doc. No. 18.) Second, she adds language at the very end of her "Conclusion," reiterating some arguments and including new ones that were not in her original response, including that (1) the defendant was required to but failed to disclose the "certificate of good faith" requirement; (2) the Supremacy Clause means the FTCA overrides the state law requirement for a certificate of good faith; (3) the requirement "appears to be a collusive attempt" to keep legitimate claims from being heard and to deny her of her constitutional rights; (4) she has shown her good faith by her deeds rather than by a piece of paper; (5) she has established her expertise and should be deemed an "expert" under Rule 703 of the Federal Rules of Evidence." (Doc. No. 24, at 11.)

The objections do not, however, identify any particular finding or recommendation by the magistrate judge with which the plaintiff takes issue. Instead, she objects wholesale to the recommendation that her Complaint be dismissed and reiterates in its entirety her Response to the Motion to Dismiss. Under these circumstances, the court finds that the objections are not sufficiently "specific" to qualify as "proper" objections under Rule 72(b)(3). *See Miller*, 50 F.3d at 380 (holding that the court may decline to review objections that are not sufficiently specific); *Aldrich*, 327 F. Supp. 2d at 747 ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). Moreover, to the extent the new language added to her "Conclusion" contains arguments not raised in response to the defendant's Motion to Dismiss, those arguments are waived as a result of not having been

presented to the magistrate judge. *Waters*, 158 F.3d at 936.

Even if the court considers the substance of the plaintiff's arguments, however, her objections must be overruled and the case dismissed. The magistrate judge's holding was simply that the complaint is subject to dismissal with prejudice as a result of plaintiff's failure to comply with state law by filing and serving a certificate of good faith with her pleading, in accordance with Tenn. Code Ann. § 29-26-122. The court has reviewed *de novo* the law concerning this requirement and finds that the magistrate judge correctly concluded that the plaintiff is not absolved from complying with Tennessee's statutory requirement by virtue of her qualifications as an "expert," as a result of her indigence, or for any other reason.

## IV. Conclusion and Order

The plaintiff's objections (Doc. No. 24) are **OVERRULED**, and the R&R is **ACCEPTED** and **ADOPTED** in its entirety as the court's findings of fact and conclusions of law. For the reasons stated therein, the respondent's Motion to Dismiss (Doc. No. 13) is **GRANTED**, and this case is **DISMISSED WITH PREJUDICE**.

This is the final order in this case, for purposes of Fed. R. Civ. P. 58.

It is so **ORDERED**.

ENTER this 21st day of September 2018.

ALETA A. TRAUGER
United States District Judge